UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

             Case No. 2:23-cv-10087

   Plaintiff,

             HONORABLE STEPHEN J. MURPHY, III

v.

CITY OF DETROIT, et al.,

   Defendants.
_____/

**OPINION AND ORDER
GRANTING PLAINTIFF'S APPLICATION TO PROCEED
IN FORMA PAUPERIS [2] AND DISMISSING THE COMPLAINT [1]**

  Plaintiff Latausha Simmons filed a pro se complaint against the City of Detroit and several officials employed by Detroit. ECF 1. Plaintiff also applied to proceed in forma pauperis. ECF 2. Because a complaint is considered filed "only when [in forma pauperis] status is granted or the appropriate filing fee is paid," *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998), the Court will address Plaintiff's application before determining whether to dismiss the complaint.

  Plaintiff represented in the application that she has zero gross pay or wages and no other form of income. ECF 2, PgID 63. She also maintained that she had no money in a checking or savings account, no other assets, and no debts. *Id*. at 64. The Court will therefore allow Plaintiff to proceed in forma pauperis. 28 U.S.C. § 1915(a).

  Because the Court granted Plaintiff's in forma pauperis application, it must review the complaint under 28 U.S.C. § 1915(e). The Court must dismiss the

1

complaint if it "is frivolous" or if it "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(i)–(ii).

## BACKGROUND

The present lawsuit is the second brought by Plaintiff before the Court. *See Simmons v. City of Detroit*, 2:19-cv-11595 (E.D. Mich. May 30, 2019). In the first lawsuit (*Simmons I*), the Court granted Plaintiff leave to proceed in forma pauperis. *Simmons I*, ECF 10. The Court also dismissed most of her claims under 28 U.S.C. § 1915(e)(2) for failure to state a claim. *Id.* at 92–98. In particular, the Court dismissed a *Monell* claim against the City of Detroit and Wayne County because Plaintiff raised "mere[] conclusory allegations that the City of Detroit or Wayne County adopted a policy, practice, or custom that motivated the individual defendants and resulted in her alleged constitutional deprivations." *Id.* at 92–93. The Court then dismissed the non-*Monell* claims against the municipalities because they "are not legal entities against whom a suit can be directed." *Id.* at 93 (cleaned up). As for the individual defendants, the Court dismissed the claims against the prosecuting attorneys because those defendants are "entitled to absolute immunity." *Id.* at 94. On the same absolute-immunity grounds, the Court also dismissed the claims against the defendant judges. *Id.* at 95. Last, the Court dismissed the claims relating to false arrest, false imprisonment, assault and battery, interrogation in violation of the Fifth Amendment, intentional infliction of emotional distress, and gross negligence. *Id.* at 96–98.

After the Court dismissed most of Plaintiff's claims, the Court ordered Plaintiff to serve two defendants with claims remaining against them. *Id.* at 99. The Court warned that if she failed to serve those defendants within ninety days her case would be subject to dismissal for failure to prosecute. When Plaintiff failed to serve the defendants, the Court dismissed the remaining claims for failure to prosecute. *Simmons I*, ECF 14.

Another three months passed before Plaintiff moved to set aside the Court's order of dismissal. *Simmons I*, ECF 15. The Court denied the motion because Plaintiff failed to establish that her delay was due to excusable neglect. *Simmons I*, ECF 16. More than two years later, Plaintiff filed a near-identical complaint—the complaint in the present lawsuit.

## LEGAL STANDARD

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And under 28 U.S.C. § 1915, claims that fall outside the applicable limitations period are frivolous and should be dismissed. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Court may dismiss a complaint for failure to state a claim if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court must liberally construe pro se pleadings. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citation omitted). But the Court must not exempt

a pro se litigant from the pleading requirements of the Federal Rules of Civil Procedure. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## DISCUSSION

The Court will dismiss the complaint because it is frivolous as to most of the claims and fails to state a claim as to the remainder. *See* § 1915(e)(2)(B)(i)–(ii).

I. <u>Frivolous Claims</u>

Plaintiff's complaint is frivolous in part because many of her claims are barred by the three-year limitations period. Plaintiff claimed that in August 2018 she was "falsely arrested [] without probable cause, after [she] called 911 for police assistance." ECF 1, PgID 8. During the arrest the officers allegedly trespassed on "Plaintiff and Plaintiff's property" and subjected Plaintiff to "false arrest," excessive force, "false imprisonment," "assault[] [and] battery," "unlawful searches and seizures," denial of medical treatment, denial of "the right to [Plaintiff's] retained counsel," "cruel and unusual punishment," denial of "the right to equal protection of the laws [and] due process[,] and further subjected to Plaintiff falsified criminal charges." *Id.*

Plaintiff also claimed that several individual officers "colluded and conspired . . . to make a false detective report and bring false charges against Plaintiff." *Id.* at 11. The collusion allegedly continued through October 2019. *Id.* at 14–16. And Plaintiff claimed that she was "maliciously prosecuted" and that "Defendants had suppressed and eventually destroyed [] exculpatory evidence" in December 2018. *Id.* at 12. In all, Plaintiff claimed that Defendants had violated her

4

rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments. *Id.* at 9, 17. She thus brought her claims under 42 U.S.C. §§ 1983, 1985.

"Claims brought under 42 U.S.C. §§ 1983 and 1985 are governed by the most analogous State statutes of limitations." *Phifer v. City of Grand Rapids*, 657 F. Supp. 2d 867, 872 (W.D. Mich. 2009) (alterations omitted) (collecting cases). "[T]he appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the [S]tate's three-year limitations period for personal injury claims." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (citing Mich. Comp. Laws Ann. § 600.5805(10)). And the limitations period "begins to run at the time of the injury," which is "when the plaintiff becomes aware of the unconstitutional action." *Id.* (citation omitted). "Claims filed under 42 U.S.C. § 1985 are also subject to a three-year limitations period." *Berryman v. Freed*, 14-CV-12593, 2017 WL 733150, at *3 (E.D. Mich. Jan. 19, 2017) (collecting cases), *adopted by* 2017 WL 679344 (E.D. Mich. Feb. 21, 2017).

Plaintiff alleged that the conduct giving rise to the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment violations occurred between August 2018 and October 2019. ECF 1, PgID 8–17. To timely file them, Plaintiff was required to bring those claims no later than August 2021. *See Wolfe*, 412 F.3d at 714. But the present complaint was not filed until January 2023. ECF 1. The claims relating to the events in 2018 and 2019 are thus time barred under the three-year limitations period. Accordingly, the Court will dismiss those claims as frivolous. *See Dellis*,

257 F.3d at 511 ("[T]he district court properly dismissed as frivolous Plaintiff's claims . . . barred by the applicable statute of limitations."); § 1915(e)(2)(B)(i).

II. <u>Failure to State a Claim</u>

Next, the claims that are not time barred fall short of the pleading requirements under Federal Rule of Civil Procedure 8. Plaintiff alleged that in October 2021 Defendants conspired and colluded to ignore "verbal sexual assaults" committed on Plaintiff by her neighbor and threatened to tell that neighbor "how . . . to sue Plaintiff." ECF 1, PgID 17. She also claimed that "Defendant [Judge] Thomas unlawfully and illegally issued a warrant for Plaintiff's arrest." *Id.* Then, in September 2021, Defendants "colluded and conspired" to "force court appointed counsel upon Plaintiff, had the prosecution and court appointed counsel [] appear on the spot, wherein the parties blatantly lied and materially misrepresented the facts of Plaintiff's whereabouts and her knowledge of the court date." *Id.* Altogether, Plaintiff claimed that Defendants had "deprived Plaintiff of her constitutionally protected rights to due process, to be free from cruel and unusual punishment, rights to self-representation, freedom of speech[,] and rights to equal protection under the law." *Id.* at 18.

Plaintiff also asserted that in July 2022, "new laws to protect the due process rights of individual [] defendants ha[d] been enacted in Wayne County." *Id.* Plaintiff then claimed that her constitutional rights were violated when Defendant Judge Thomas did not retroactively apply "the new laws to Plaintiff's [S]tate case." *Id.* Plaintiff cited none of the allegedly "new laws" and did not explain whether those

6

laws could be applied retroactively. *See id.* Last, Plaintiff claimed that three Defendants "are liable under the theory of *Monell* municipal/supervisory liability." *Id.* (italics and alterations omitted); *see id.* at 41–44.

To state a 42 U.S.C. § 1983 claim, Plaintiff was required to allege that a person acting under color of state law violated some "right[], privilege[], or immunity[y] secured by the Constitution and laws." Plaintiff's claims failed to meet the required pleading standard under Rule 8 because they either lacked a connection to a federal right or law or were mere conclusory allegations.

First, Plaintiff claimed that Defendants "ignored" her reports that she had endured "verbal sexual assaults" by a neighbor. ECF 1, PgID 17. But "the decision to prosecute an individual for a crime is one typically entrusted solely to the prosecutor's discretion and rarely subject to judicial review or public scrutiny." *Cincinnati Enquirer v. Dep't of Justice*, 45 F.4th 929, 935 (6th Cir. 2022) (quotation omitted). While "there might be a public interest in examining prosecutorial decision under some circumstances," *id.*, Plaintiff never explained why the circumstances alleged here require the Court to examine the prosecutorial decision of Defendants. *See* ECF 1, PgID 17.

Plaintiff also failed to show how a single alleged threat by Defendants to tell her neighbor how to sue Plaintiff violated some federal law or right. *See id.* At minimum, Plaintiff must plead enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012) (quotation omitted).

7

Plaintiff failed to plead those facts, so the Court will sua sponte dismiss the claims relating to the 2021 incidents under § 1915(e).

And her claim that Defendant Judge Thomas failed to retroactively apply unnamed "new laws" to her State case is conclusory. *Id.* at 18. Plaintiff failed to explain which "new laws" could have applied to her case, and she did not state whether those new laws could have been applied retroactively. *See id.* Plus, Plaintiff's generic claim that three Defendants are liable under *Monell* is no more than a bare recitation of the legal standard. *See id.* at 18, 41–44. But "a plaintiff may not simply include a *Monell* claim in her complaint as a matter of course by making the conclusory allegation that the alleged constitutional deprivations were due to a policy or custom of the municipality. Rather, Plaintiff must allege some actual facts suggesting as much." *Sistrunk v. City of Hillview*, 545 F. Supp. 3d 493, 501 (W.D. Ky. 2021) (cleaned up) (collecting cases). In sum, the claims are conclusory, and they fail to meet the Rule 8 standard.

Last, Plaintiff appeared to bring several State claims, apparently under the Court's supplemental jurisdiction.[1] *See* ECF 1, PgID 30–39, 44–45; 28 U.S.C. § 1367(a). Because the Court "has dismissed all claims over which it has original jurisdiction," it will decline to exercise supplemental jurisdiction over the State claims. § 1367(c)(3).

---

[1] Plaintiff did not argue that the Court has diversity jurisdiction over her State-law claims. *See* ECF 1. Plaintiff is "a resident of this District" and she sued, among others, the City of Detroit. *Id.* at 5. It appears, then, that the parties are not completely diverse and that the Court cannot exercise jurisdiction over Plaintiff's State claims on that ground. *See* 28 U.S.C. § 1332.

8

III. <u>Res Judicata</u>

Last, under the doctrine of res judicata, "'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Davis v. Butler Cnty.*, 658 F. App'x 208, 212 (6th Cir. 2016) (italics omitted). A claim may be barred by res judicata if there is: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Id.* (citing *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)) (quotation marks omitted).

The Court will note that most of the claims in the present case overlap with the claims Plaintiff brought in *Simmons I*. In the Sixth Circuit, a "dismissal under § 1915(e) operates as an adjudication on the merits only as to future complaints filed in forma pauperis." *Davis*, 658 F. App'x at 213 (italics omitted). Both *Simmons I* and the present case are lawsuits in which Plaintiff proceeded in forma pauperis. Thus, the prior case ended in a "final decision on the merits." *Id.* at 12 (quoting *Bittinger*, 123 F.3d at 880). Plus, all the parties in the present case were named in *Simmons I*, and the claims that arose in 2018 and 2019 were already litigated in *Simmons I*. Thus, the second and third elements of res judicata are satisfied here. *See id.* And given the overlapping claims and facts, the identity of the two lawsuits is the same. *See id.*; *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992) ("Identity of causes of action means an identity of the facts creating

9

the right of action and of the evidence necessary to sustain each action.") (internal quotation marks and quotation omitted). All four res judicata elements are therefore satisfied.

All told, even if Plaintiff had successfully stated a claim as to the above-identified overlapping causes of action,[2] her claims would have been precluded based on the doctrine of res judicata. Either way, the Court must dismiss the claims.

## CONCLUSION

Because Plaintiff's complaint raises claims that are either barred by the applicable limitations period or fail to state a claim, the Court will sua sponte dismiss the complaint under § 1915(e)(2)(B)(i)–(ii). "[D]ismissal under § 1915(e) 'is not a dismissal on the merits, but rather an exercise of the [C]ourt's discretion under the in forma pauperis statute.'" *Davis v. Butler Cnty.*, 658 F. App'x 208, 212 (6th Cir. 2012) (italics removed) (quoting *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)). The Court will also deny Plaintiff leave to appeal in forma pauperis because she cannot take an appeal in good faith. *See* § 1915(a)(3); Fed. R. App. P. 24(a).

**WHEREFORE**, it is hereby **ORDERED** that the application to proceed in forma pauperis [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint [1] is **DISMISSED WITHOUT PREJUDICE**.

---

[2] Those claims include the *Monell* claims, the non-*Monell* municipality claims, the claims against prosecuting attorneys and judges, and the claims relating to false arrest, false imprisonment, assault and battery, interrogation in violation of the Fifth Amendment, intentional infliction of emotional distress, and gross negligence. *Compare* ECF 1, *with Simmons I*, ECF 10.

10

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

                s/ Stephen J. Murphy, III
                STEPHEN J. MURPHY, III
                United States District Judge

Dated: January 24, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 24, 2023, by electronic and/or ordinary mail.

                s/ David P. Parker
                Case Manager